IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | * |
| | * |
| Kevin L. Matthews | *   Case No.  17-25844 |
| Pamela D. Matthews | *   Chapter 13 |
| Debtor(s), | * |

**SECOND AMENDED CHAPTER 13 PLAN**

The Debtors propose the following Chapter 13 plan and makes the following declarations:

1. The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtor will pay as follows (select only one):

    a. $_____. OR
    b. **$485.00 months 1-7; $575.00 months 8-60.**
    c. $_____ per month prior to confirmation of this plan, and
    $_____per month after confirmation of this plan, for a total term of ____ months (if this option is selected, complete 2.e.i).

    The Debtor(s) shall provide the Trustee with copies of State & Federal tax returns for the years designated below within 15 days of filing the returns (and shall timely file the returns on or before April 15 of each year due). No later than June 1st of each year, the Debtors shall pay into the plan the amount of refunds exceeding $ $585.00 (the amount already pro-rated on Schedule I, if any) for each of the designated years. The tax refund will be in addition to, not a credit against, the monthly payments required to be paid under the plan.  The Debtors shall not make any change to the amount of annual tax withholdings required to be paid under the plan. The Debtors shall not make any change to the amount of annual tax withholdings under the W-4 statement(s) existing as of the date of the petition without 30 days prior notice to the Trustee.  This commitment covers tax years: 2017, 2018, 2019, 2020 and 2021.

2. From the payments received, the Trustee will make the disbursements described below:
    a. Allowed unsecured claims for domestic support obligations and Trustees commissions.
    b. Administrative claims under 11 U.S.C. § 507(a)(2), including attorneys fee balance of **$ 3,981.00** (unless allowed for a different amount upon prior or subsequent objection) in accordance with Local Rules, **Appendix F.**
    c. Claims payable under 11 U.S.C. § 1326(b)(3).  Specify the monthly payment: $____.
    d. Other priority claims defined by 11 U.S.C. § 507 (a)(3) - (10).  The Debtor anticipates the following claims:

    **IRS**   **$939.67**

e. Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

   i. Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

   | Claimant | Redacted Acct. No. | Monthly Payment |
   |---|---|---|

   ii. Pre-petition arrears on the following claims will be paid through equal monthly accounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

   | Claimant | Anticipated Arrears | Mo. Pmt. | No. of Mos. |
   |---|---|---|---|
   | **Seterus Mortgage** | **$20,899.00** | **$435.40** | **48** |

   iii. The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

   | Claimant | Amount | Interest Rate | Mo. Pmt. | No. of Mos. |
   |---|---|---|---|---|
   | **Annapolis Walk HOA** | **$1,919.65** | **6%** | **46.39** | **48** |

   iv. The following secured claims will be satisfied through surrender of the collateral securing the claims (describe collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

   v. The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

   vi. If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside of the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

   vii. In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

f. After payment of priority and secured claims, the balance of funds will be paid

>**100%** on allowed general, unsecured claims in **class #1**. (If there is more than one class of unsecured claims, describe each class.) Creditors in Class #2 will be paid directly by the Debtors.
>
>**Class #1: Dischargeable, unsecured debt.**
>Claim #3 – Annapolis Walk HOA : $3,181.88 (unsecured balance of claim.)
>Claim $4 – Midland Funding: $916.95
>
>**Class #2: Non-dischargeable, long term student loan obligations.**
>Claim #5 Navient Solutions: $12,328.43
>Claim #2 - U.S. Department of Education:  $26,207.43

3. The amount of each claim to be paid under the plan will be established by the creditor=s proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien (Indicate the asserted value if the secured claim for any motion to value collateral.):

4. Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post- petition charges, the loan shall be deemed current as of the filing of this case.

5. Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6. The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

7. Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

8. Non-standard Provisions: **The Debtor(s) and Estate reserve all rights to pursue objections to claims and any related civil actions that are filed six (6) months after the confirmation order.**

Date:  May 14, 2018               /s/  Kevin L. Matthews, Sr.
                                  /s/     Pamela D. Matthews
                                  Debtors

                                   /s/ Morgan W. Fisher
                                  Morgan W. Fisher, #28711

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

In re:                                              :
                                                    :
Kevin L. Matthews, Sr                               :
and Pamela D. Matthews,                             :   Case No. 17-25844
                                                    :   Chapter 13
                    Debtor.                         :
                                                    :

CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

*Select Section 1, A,B, or C, and complete Sections 2 and 3 if applicable, even if Section 1(A) is selected.*

1.      (Select A, B, or C):

☐      A.      This is an original plan, filed concurrently with the Petition, which will be mailed by the Clerk to all creditors on the Matrix.   [*THIS OPTION MAY ONLY BE USED WHEN THE PLAN IS FILED WITH THE PETITION*]

☐      B.      AMENDED PLANS ONLY INCREASING PAYMENTS:   The Amended Chapter 13 Plan __ filed herewith / __ filed on _____, 20__, makes no changes from the last previously-filed plan other than to increase the amount payable under the plan.  In such event, no service is required.

☒      C.      ALL OTHER PLANS:  This is to certify that on May 15, 2018,  I caused the Chapter 13 Plan ☒ filed herewith / __ filed on _____, 20__, to be mailed by first class mail, postage prepaid, to all addresses on the attached matrix or list.   (If any parties on the matrix were served by CM/ECF instead of by mail, so indicate on the matrix with the email address served as indicated on the CM/ECF Notice of Electronic Filing).

**AND**

2.      *Check and complete this Section and Section 3 if liens are proposed to be valued or avoided through the Plan.*

   __ I caused the Chapter 13 Plan __ filed herewith / __ filed on _____, 20__, to be served pursuant to Bankruptcy Rule 7004 on the following creditor whose lien is proposed to be impacted by the Plan (and not by separate motion) under Plan Paragraph 5.1 or 5.3. State address served and method of service.   See Bankruptcy Rule 7004(h) if the party served is an insured depository institution.   Attach separate sheets or repeat this paragraph for each such creditor served.

**Local Bankruptcy Form M-1**

_____
Name of Creditor

_____    _____
Name served                        Capacity (Resident Agent, Officer, etc.)

_____
Address

_____
City, State, ZIP

Method of Service: _____

Date Served: _____

**AND** Select A or B:

A.     ___     A proof of claim has been filed with respect to the lien or claim at issue prior to service of the Plan. I also mailed a copy of the Plan and supporting documents under Section 3 below to the claimant at the name and address where notices should be sent as shown on the proof of claim.

B.     ___     No proof of claim has been filed for the lien or claim at issue.

3.     ___     Along with each copy of the Plan served under Section 2, I included copies of documentation supporting Debtor's entitlement to the relief sought in Plan Paragraph 5.1 or 5.3 with respect to that creditor (for example, documents establishing the value of the property and the amount of any prior liens and the lien at issue), which I have also filed with the Court as a supplement to the Plan.  ***This supplemental material need not be served with the plan on all creditors, only on affected secured creditors.***

___ This is an amended Plan and the documentation supporting Debtor's entitlement to the relief sought in Plan Paragraph 5.1 or 5.3 has been previously served and filed as ECF docket entry ____.

I hereby certify that the foregoing is true and correct.

Dated: May 16, 2018

*/s/ Morgan W. Fisher*
Counsel for Debtor,

**Local Bankruptcy Form M-1**
**Page 2**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0416-1<br>Case 17-25844<br>District of Maryland<br>Baltimore<br>Tue May 15 17:07:07 EDT 2018 | Seterus, Inc. as the authorized subservicer<br>BWW Law Group LLC<br>6003 Executive Blvd. Suite 101<br>Rockville, MD 20852-3813 | Annapolis Walk HOA<br>c/o ProCom<br>400 Serendipity Drive<br>Millersville, MD 21108-1951 |
| Annapolis Walk Homeowners Association Inc<br>c/o Michael S Neall & Associates PC<br>147 Old Solomon's Island Road, Ste<br>Annapolis, MD 21401-0903 | Anne Arundel County, Maryland<br>Office of Law<br>2660 Riva Road, 4th Floor<br>Annapolis, MD 21401-7055 | (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| Comptroller of Maryland<br>Revenue Administration<br>110 Carroll Street<br>Annapolis, MD 21411-1000 | Comptroller of the Treasury<br>Compliance Division, Room 409<br>301 W. Preston Street<br>Baltimore, MD 21201-2305 | FedLoan Servicing<br>Po Box 60610<br>Harrisburg, PA 17106-0610 |
| Internal Revenue Service<br>Po Box 7346<br>Philadelphia, PA 19101-7346 | Law Offices of Morgan Fisher, LLC<br>1125 West Street, Suite 227<br>Annapolis, MD 21401-3607 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090-2011 |
| Navient Solutions, LLC. on behalf of<br>United Student Aid Funds, Inc.<br>GLHEC and Affiliates<br>PO BOX 8961<br>Madison, WI 53708-8961 | Pamela D. Matthews<br>514 Annapolitan Lane<br>Annapolis, MD 21401-4557 | Seterus Inc<br>14523 Sw Millikan Way<br>Beaverton, OR 97005-2352 |
| Seterus, Inc. as the authorized subservicer<br>P.O. Box 1047<br>Hartford, CT 06143-1047 | State of Maryland DLLR<br>Division of Unemployment Insurance<br>1100 N. Eutaw Street, Room 401<br>Baltimore, MD 21201-2225 | Transworld Systems Inc<br>Po Box 15520<br>Wilmington, DE 19850-5520 |
| U.S.Department of Education<br>C/O FedLoan Servicing<br>P.O.Box 69184<br>Harrisburg PA 17106-9184 | Kevin L. Matthews Sr<br>514 Annapolitan Lane<br>Annapolis, MD 21401-4557 | Morgan William Fisher<br>Law Offices of Morgan Fisher LLC<br>1125 West St., Suite 227<br>Annapolis, MD 21401-3607 |
| Nancy Spencer Grigsby<br>185 Admiral Cochrane Dr.<br>Suite 240<br>Annapolis, MD 21401-7623 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Capital One
15000 Capital One Dr
Richmond, VA 23238