IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Kevin L. Matthews | * | Case No.  17-25844 |
| Pamela D. Matthews | * | Chapter 13 |
| Debtor(s), | * | |

**THIRD AMENDED CHAPTER 13 PLAN**

The Debtors propose the following Chapter 13 plan and makes the following declarations:

1.  The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and the Debtor will pay as follows (select only one):

    a.  $_____. OR
    b.  **$485.00 months 1-7;**
        **575.00 months 8-30;**
        **$700.00 months 31-60.**
    c.  $_____ per month prior to confirmation of this plan, and
        $_____per month after confirmation of this plan, for a total term of ____ months (if this option is selected, complete 2.e.i).

    The Debtor(s) shall provide the Trustee with copies of State & Federal tax returns for the years designated below within 15 days of filing the returns (and shall timely file the returns on or before April 15 of each year due). No later than June 1st of each year, the Debtors shall pay into the plan the amount of refunds exceeding $585.00 (the amount already pro-rated on Schedule I, if any) for each of the designated years. The tax refund will be in addition to, not a credit against, the monthly payments required to be paid under the plan.  The Debtors shall not make any change to the amount of annual tax withholdings required to be paid under the plan. The Debtors shall not make any change to the amount of annual tax withholdings under the W-4 statement(s) existing as of the date of the petition without 30 days prior notice to the Trustee.  This commitment covers tax years: 2017, 2018, 2019, 2020 and 2021.

2.  From the payments received, the Trustee will make the disbursements described below:
    a.  Allowed unsecured claims for domestic support obligations and Trustees commissions.
    b.  Administrative claims under 11 U.S.C. § 507(a)(2), including attorneys fee balance of **$ 3,981.00** (unless allowed for a different amount upon prior or subsequent objection) in accordance with Local Rules, **Appendix F.**
    c.  Claims payable under 11 U.S.C. § 1326(b)(3).  Specify the monthly payment: $____.
    d.  Other priority claims defined by 11 U.S.C. § 507 (a)(3) - (10).  The Debtor anticipates the following claims:

              **IRS**    **$939.67**

e.    Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

    i.    Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|

    ii.    Pre-petition arrears on the following claims will be paid through equal monthly accounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of the monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Mo. Pmt. | No. of Mos. |
|---|---|---|---|
| **Seterus Mortgage** | **$20,899.00** | **$435.40** | **48** |

    iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | Interest Rate | Mo. Pmt. | No. of Mos. |
|---|---|---|---|---|
| **Annapolis Walk HOA** | **$1,919.65** | **6%** | **46.39** | **48** |

    iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims (describe collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

    v.    The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

    vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside of the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

    vii.    In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.    After payment of priority and secured claims, the balance of funds will be paid **100%** on allowed general, unsecured claims in **class #1**. (If there is more than one class of unsecured claims, describe each class.) Creditors in Class #2 will be paid directly by the Debtors.

**Class #1: Dischargeable, unsecured debt.**
Claim #3 – Annapolis Walk HOA : $3,181.88 (unsecured balance of claim.)
Claim $4 – Midland Funding: $916.95

**Class #2: Non-dischargeable, long term student loan obligations.**
Claim #5 Navient Solutions: $12,328.43
Claim #2 - U.S. Department of Education:  $26,207.43

3.    The amount of each claim to be paid under the plan will be established by the creditor=s proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien (Indicate the asserted value if the secured claim for any motion to value collateral.):

4.    Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post- petition charges, the loan shall be deemed current as of the filing of this case.

5.    Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6.    The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

7.    Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. §1328, or upon dismissal of the case, or upon closing of the case.

8.    Non-standard Provisions: **The Debtor(s) and Estate reserve all rights to pursue**

**objections to claims and any related civil actions that are filed six (6) months after the confirmation order.**

Date:_____August 26, 2018_____          _/s/___Kevin L. Matthews, Sr._
                                          _/s/_____Pamela D. Matthews_____
                                          Debtors

                                          _/s/ Morgan W. Fisher_____
                                          Morgan W. Fisher, #28711

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND**

In re:                                        :
                                              :
Kevin L. Matthews, Sr
and Pamela D. Matthews,                       :   Case No. 17-25844
                                              :   Chapter 13
                        Debtor.               :
                                              :

CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

*Select Section 1, A,B, or C, and complete Sections 2 and 3 if applicable, even if Section 1(A) is
selected.*

1.      (Select A, B, or C):

☐      A.      This is an original plan, filed concurrently with the Petition, which will be mailed
by the Clerk to all creditors on the Matrix.    [*THIS OPTION MAY ONLY BE USED WHEN THE
PLAN IS FILED WITH THE PETITION*]

☐      B.      AMENDED PLANS ONLY INCREASING PAYMENTS:   The Amended
Chapter 13 Plan filed herewith / __ filed on _____, 20__, makes no changes from
the last previously-filed plan other than to increase the amount payable under the plan.  In such
event, no service is required.

☒      C.      ALL OTHER PLANS:  This is to certify that on August 26, 2018,  I caused the
Chapter 13 Plan ☒ filed herewith / __ filed on _____, 20__, to be mailed by first
class mail, postage prepaid, to all addresses on the attached matrix or list.   (If any parties on the
matrix were served by CM/ECF instead of by mail, so indicate on the matrix with the email
address served as indicated on the CM/ECF Notice of Electronic Filing).

**The following creditors were served  pursuant to Fed R. Bankr. P. 7004:
US Dept. of Ed.
Jeff Sessions, Attorney General
950 Pennsylvania Avenue, NW
Washington DC 20530-0001
&
Civil Process Clerk
U. S. Attorney, District of MD
36 South Charles Street Ste 400
Baltimore MD 21201-3119**

**Naivent Corp.
John (Jack) F. Remondi (President and CEO)**

**Local Bankruptcy Form M-1
Page 2**

**123 Justison St,**
**Wilmington, DE 19801**

**AND**

2.      *Check and complete this Section and Section 3 if liens are proposed to be valued or avoided through the Plan.*

___ I caused the Chapter 13 Plan __ filed herewith / __ filed on _____, 20__, to be served pursuant to Bankruptcy Rule 7004 on the following creditor whose lien is proposed to be impacted by the Plan (and not by separate motion) under Plan Paragraph 5.1 or 5.3. State address served and method of service.   See Bankruptcy Rule 7004(h) if the party served is an insured depository institution.   Attach separate sheets or repeat this paragraph for each such creditor served.

_____
Name of Creditor

_____        _____
Name served                                    Capacity (Resident Agent, Officer, etc.)
_____
Address

_____
City, State, ZIP

Method of Service: _____

Date Served: _____

**AND** Select A or B:

A.      _____ A proof of claim has been filed with respect to the lien or claim at issue prior to service of the Plan. I also mailed a copy of the Plan and supporting documents under Section 3 below to the claimant at the name and address where notices should be sent as shown on the proof of claim.

B.      _____ No proof of claim has been filed for the lien or claim at issue.

3.      _____ Along with each copy of the Plan served under Section 2, I included copies of documentation supporting Debtor's entitlement to the relief sought in Plan Paragraph 5.1 or 5.3 with respect to that creditor (for example, documents establishing the value of the property and the amount of any prior liens and the lien at issue), which I have also filed with

the Court as a supplement to the Plan. ***This supplemental material need not be served with the plan on all creditors, only on affected secured creditors.***

_____ This is an amended Plan and the documentation supporting Debtor's entitlement to the relief sought in Plan Paragraph 5.1 or 5.3 has been previously served and filed as ECF docket entry.

I hereby certify that the foregoing is true and correct.

I hereby further certify that a copy of the Court's order denying confirmation with leave to amend (ECF #37) was also served on this date along with the Debtors' Third Amended Plan.

Dated: August 26, 2018

> /s/ Morgan W. Fisher
> Debtor, Counsel for Debtor, or other
> Person effecting service

```
Label Matrix for local noticing        Seterus, Inc. as the authorized subservicer    Annapolis Walk HOA
0416-1                                  BWW Law Group LLC                              c/o ProCom
Case 17-25844                           6003 Executive Blvd. Suite 101                400 Serendipity Drive
District of Maryland                    Rockville, MD 20852-3813                      Millersville, MD 21108-1951
Baltimore
Mon Feb 12 16:21:40 EST 2018


Annapolis Walk Homeowners Association Inc    Anne Arundel County, Maryland            (p)CAPITAL ONE
c/o Michael S Neall & Associates PC          Office of Law                            PO BOX 30285
147 Old Solomon's Island Road, Ste           2660 Riva Road, 4th Floor                SALT LAKE CITY UT 84130-0285
Annapolis, MD 21401-0903                     Annapolis, MD 21401-7055



Comptroller of Maryland                 Comptroller of the Treasury                   FedLoan Servicing
Revenue Administration                  Compliance Division, Room 409                 Po Box 60610
110 Carroll Street                      301 W. Preston Street                         Harrisburg, PA 17106-0610
Annapolis, MD 21411-1000                Baltimore, MD 21201-2305



Internal Revenue Service                Law Offices of Morgan Fisher, LLC             Pamela D. Matthews
Po Box 7346                             1125 West Street, Suite 227                   514 Annapolitan Lane
Philadelphia, PA 19101-7346             Annapolis, MD 21401-3607                      Annapolis, MD 21401-4557



Seterus Inc                             State of Maryland DLLR                        Transworld Systems Inc
14523 Sw Millikan Way                   Division of Unemployment Insurance            Po Box 15520
Beaverton, OR 97005-2352                1100 N. Eutaw Street, Room 401                Wilmington, DE 19850-5520
                                        Baltimore, MD 21201-2225



U.S.Department of Education             Kevin L. Matthews Sr                          Morgan William Fisher
C/O FedLoan Servicing                   514 Annapolitan Lane                          Law Offices of Morgan Fisher LLC
P.O.Box 69184                           Annapolis, MD 21401-4557                      1125 West St., Suite 227
Harrisburg PA 17106-9184                                                              Annapolis, MD 21401-3607



Nancy Spencer Grigsby
185 Admiral Cochrane Dr.
Suite 240
Annapolis, MD 21401-7623




             The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
             by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Capital One
15000 Capital One Dr
Richmond, VA 23238




             The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.
```

```
(d)Pamela D. Matthews
514 Annapolitan Lane
Annapolis, MD 21401-4557
```

```
                        End of Label Matrix
                Mailable recipients    18
                Bypassed recipients     1
                Total                  19
```