

NANCY V. ALQUIST
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| IN RE:<br>KEVIN L. MATTHEWS, SR<br>PAMELA D. MATTHEWS<br>    Debtors | Case No. 17-25844-NVA<br><br>Chapter 13 |
| SETERUS, INC. AS THE AUTHORIZED<br>SUBSERVICER FOR FEDERAL NATIONAL<br>MORTGAGE ASSOCIATION ("FANNIE MAE"),<br>CREDITOR C/O SETERUS, INC.<br>    Movant<br>v.<br>KEVIN L. MATTHEWS, SR<br>PAMELA D. MATTHEWS<br>    Debtors/Respondents<br>and<br>NANCY SPENCER GRIGSBY<br>    Trustee/Respondent | |

### AGREED ORDER MODIFYING STAY AS IT APPLIES TO REAL PROPERTY

THIS CAUSE came on for consideration of the motion of Seterus, Inc. as the authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), creditor c/o Seterus, Inc. ("Movant") for relief from stay (the "Motion"), and the response by Kevin L. Matthews, Sr. and Pamela D. Matthews ("Debtors"). The Court, noting the agreement between the Debtors and Movant as to the relief set forth herein, finds it appropriate to grant the relief requested. The Chapter 13 Trustee has not filed a response and consequently is not objecting to the relief

requested.

THEREFORE, it is ORDERED that:

1. The Motion is hereby GRANTED.

2. The Automatic Stay of 11 U.S.C. § 362(a) (the "Stay") is hereby modified. Movant shall forbear from exercising any right to foreclosure pursuant to the Deed of Trust related to the real property located at 514 Annapolitan Drive, Annapolis, MD 21401 (the "Property") so long as the Debtors remain in compliance with the terms of this Order.

3. Beginning with the September 1, 2018, payment of $1,547.23, and continuing each month thereafter, pursuant to the Deed of Trust, Note, Loan Modification (if any), or other written agreements between the parties (the "Loan Documents"), the Debtors shall tender to Movant the regular monthly mortgage payments, as and when they come due and as adjusted for escrow/interest rate changes. A late fee may be assessed in the normal course and pursuant to the Loan Documents. The current address for payments is:

> Seterus, Inc.
> PO Box 1047
> Hartford, CT 06143

4. The total postpetition arrearages due to the Movant as of August 15, 2018 is calculated as follows:

| | | |
|---|---|---|
| Three (3) missed payment(s) of $1,547.23 (June 1, 2018 through August 1, 2018) | = | $4,641.69 |
| Motion for Relief Attorney Fee | = | $850.00 |
| Motion for Relief Filing Fee | = | $181.00 |
| Less Postpetition Suspense Balance | = | ($108.31) |
| Total Postpetition Default | = | $5,564.38 |

5. The Debtors will cure the postpetition arrears by making a payment to Movant in the amount of $927.43 (said figure representing one-sixth of Debtors' postpetition arrears) on or before September 15, 2018, and $927.39 continuing on the 15th day of each month thereafter, through and including February 15, 2019.

6. Based upon the lack of equity in the Property, as asserted in the Motion, the parties agree that if the Debtors convert this case to a filing under another Chapter of Title 11 of the U.S. Code, the Stay is TERMINATED and Movant may immediately exercise all *in rem*

rights provided by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

7.  If the holder of any other Deed of Trust or lien on the Property obtains relief from the Automatic Stay, then the Movant's obligation to forbear from commencing or continuing a foreclosure proceeding shall immediately terminate without any further proceeding in this Court and the Stay is TERMINATED as to Movant.

8.  In the event that payment required by this Order is not received by Movant when it is due, or some other action required hereunder is not timely completed, Movant shall file a Notice of Non-compliance (the "Notice") and send a copy to the Debtors via first-class mail. The Notice will describe the nature of the default.

9.  Upon the filing of the Notice, the Debtors must take one of the following actions within ten (10) days: i) cure the default or ii) file an objection with the Court stating no default exists.

10. If the Debtors do not take one of the actions within the prescribed time, set forth in the preceding paragraph, the Stay is TERMINATED. Thereafter, Movant may proceed with its *in rem* remedies permitted by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

11. The Movant may file a Certificate of Default stating that it has complied with the terms of this Order and may submit, together with the Certificate of Default, a draft order terminating the Stay.

12. If the Debtors default pursuant to the terms of this Order on a second occasion, Movant may file a Certificate of Default advising that the Stay has TERMINATED. The Debtors shall not be entitled to cure the default pursuant to the terms of this Order. Thereafter, Movant may proceed with its *in rem* remedies permitted by the Loan Documents and applicable state law, including but not limited to commencing or continuing a foreclosure action, obtaining or transferring title to the Property, and allowing a foreclosure purchaser or transferee to obtain possession of said Property.

13. Any cure of the Notice must include all amounts set forth therein, including attorneys' fees resulting from the Debtors' default, as well as any payments which have subsequently become due under the terms of this Order and that are due at the time Debtors tenders funds to cure the default. Acceptance of partial payment by the Movant during the cure period shall not constitute a satisfaction or waiver of the Notice.

14. At Movant's discretion, and in order to avoid liquidation of said Property, Movant may offer and provide the Debtors with information regarding a potential Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation options, and may enter into such agreement with the Debtors (subject to further approval by this Court). Movant may also continue to protect its lien pursuant to the Loan Documents, to the extent allowed by law.

15. This Order applies to any successor-in-interest of Movant and shall not be subject to the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

/s/ Daniel Callaghan
Daniel Callaghan, Esq., MD Fed. Bar No. 13901
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852
P: 301-961-6555, F:301-961-6545
bankruptcy@bww-law.com
*Counsel for the Movant*

/s/ Morgan William Fisher
Morgan William Fisher
1125 West St., Suite 227
Annapolis, MD 21401
*Counsel for Debtors*

**CERTIFICATION OF CONSENT**

I HEREBY CERTIFY that the terms of the copy of the agreed order submitted to the Court are identical to those set forth in the original agreed order; and the signatures represented by the /s/_____ on this copy reference the signatures of consenting parties on the original agreed order.

/s/ Daniel Callaghan
Daniel Callaghan, Esq.

cc:

BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852

Nancy Spencer Grigsby, Trustee
185 Admiral Cochrane Drive, Suite 240
Annapolis, MD 21401

Morgan William Fisher
1125 West St., Suite 227
Annapolis, MD 21401

Kevin L. Matthews, Sr
514 Annapolitan Lane
Annapolis, MD 21401

Pamela D. Matthews
514 Annapolitan Lane
Annapolis, MD 21401

**END OF ORDER**